UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GIGENA,<br><br>          Plaintiff,<br><br>   v.<br><br>DONALD BAKER,<br><br>          Defendant. | No. 2:22–cv–206–TLN–KJN PS<br><br>ORDER GRANTING IFP STATUS;<br>FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**DISCUSSION**

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). However, federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; see also Fed. R. Civ. P. 12(h)(3) (noting a court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiff filed suit against Donald Baker, U.S. Supreme Court Clerk's Assistant, alleging defendant erroneously rejected plaintiff's *amicus curiae* brief because plaintiff is not an attorney admitted to practice before the Supreme Court. Plaintiff requests this court order defendant to have the brief filed. (See ECF No. 1.)

///

Plaintiff's request is meritless.  Under the "Rules Enabling Act," the U.S. Supreme Court has the authority to "prescribe rules for the conduct of their business."  28 U.S.C. § 2071(a).  Rule 1 the Supreme Court's Rules grants the Clerk of the Supreme Court the authority to reject any filing that does not comport with its rules.  Rule 37.1 of the Supreme Court rules explains "[a]n *amicus curiae* brief may be filed only by an attorney admitted to practice before this Court as provided in Rule 5."  A federal court in the Eastern District of California has no authority to order otherwise, and so plaintiff's case is frivolous.  See Neitzke, 490 U.S. at 327.  Because plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, granting leave to amend would be futile.  Cahill, 80 F.3d at 339.

### ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED plaintiff's IFP motion (ECF No. 2) is GRANTED.  Further, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED as frivolous; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gige.206

3